**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

*United States v. Michael Saofaga*
Case No. 3:18-cr-00129-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on the imposition of sentence for Defendant Michael Saofaga. Saofaga pleaded guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1).[1] U.S. Probation, in its Final Presentence Report ("PSR"), and the United States, in its Sentencing Memorandum, allege that in the course of his offense, Saofaga knowingly fled from multiple law enforcement officers.[2] During the pursuit, Saofaga allegedly attempted to discharge the prohibited firearm in the direction of the pursuing officers (including a K9).[3] Based on this alleged conduct, the PSR asserts that Saofaga is subject to a four-level increase pursuant to U.S.S.G. § 2K2.1(b)(6)(B).[4] Additionally, because Saofaga allegedly assaulted persons he knew or had reasonable cause to believe were law enforcement officers during the course of the offense, the PSR adds an additional six-level increase to Saofaga's offense level pursuant to U.S.S.G. § 3A1.2(c)(1).[5] Taking these two enhancements into account, Saofaga's resulting offense level would be 23 with a criminal history category of IV, correlating to a sentencing range of 70 to 87 months.[6]

The question before the Court is whether the United States must prove the facts underlying each of the enhancements described above—*i.e.* the assault and the victim-related adjustment—by a preponderance of the evidence or by clear and convincing evidence. In support of his position, Saofaga cites to Ninth Circuit cases which stand for the proposition that where applied enhancements have a disproportionate impact on the sentence, the underlying facts must be proven by clear and convincing evidence.[7] Saofaga argues that applying both enhancements would add an aggregate of ten levels to his base offense level and, therefore, each enhancement must be proven by clear and convincing evidence.[8] Likewise, the United States cites to a recent Ninth Circuit decision, *United States v. Valle*,[9] to support its contention that each enhancement must be proven

---

[1] Dkt. 32 (Minute Entry).
[2] Dkts. 43 at 10 (PSR); 48 at 3–4 (Sentencing Memorandum).
[3] Dk. 43 at 10; 48 at 3–4.
[4] Dkt. 43 at 10.
[5] *Id.*
[6] *Id.* at 22.
[7] Dkt. 55 at 1–3 (Defendant's Sentencing Memorandum) (citing *United States v. Mezas de Jesus*, 217 F. 3d 638, 642 (9th Cir. 2000) and *United States v. Hopper*, 177 F.3d 824, 833 (9th Cir. 1999)).
[8] *Id.* at 10.
[9] 940 F.3d 473, 479 (9th Cir. 2019).

1

by clear and convincing evidence.[10] Both Parties agree that because together the "enhancements substantially impact the guideline sentence, then the government must prove those adjustments by clear and convincing evidence rather than just a preponderance."[11]

"The burden of proof for a factual finding underlying a sentencing enhancement depends on the magnitude of the finding's effect on the sentencing range."[12] Generally, an enhancement need only be supported by a preponderance of the evidence.[13] However, in cases where there is "an extremely disproportionate impact on the sentence," the United States must establish the applicable enhancement by clear and convincing evidence.[14] Enhancements are not always considered in isolation; the Ninth Circuit has counseled that where "the combined impact of contested sentencing enhancements is disproportionate relative to the offense of conviction, the district court must apply the clear and convincing evidence standard of proof."[15]

In this case, two separate but related enhancements could apply to affect Saofaga's sentencing guideline range. The Parties argue that because the two enhancements, if applied together, would result in a disproportionate impact, the Court must find whether each enhancement is supported by clear and convincing evidence. However, the Court is unaware of any authority that maintains the higher standard of proof even if the Court considers the lesser enhancement separately.

Where the United States seeks to apply both enhancements, it must prove that Saofaga committed an assault and he knew or had reasonable cause to believe that a victim of his assault was a police officer. Because this would result in a ten-level increase to Saofaga's offense level, the Court may not apply both enhancements unless the United States established the underlying facts as to each enhancement by clear and convincing evidence. Alternatively, the Court could find that only the lesser enhancement applies: Saofaga committed an assault. This singular enhancement, which would result in a four-level increase to his offense level and would not have a disproportionate impact on Saofaga's guideline range and, therefore, may be proven by a preponderance of the evidence.[16]

The Parties only cite to cases that hold the clear and convincing standard applies when multiple enhancements are actually applied to a defendant's offense level and the totality of which results in a disproportionate impact at sentencing. None of the cases discuss whether the burden of proof changes depending on which of the proposed enhancements are considered for application. It seems untenable to determine an overarching standard of proof by the universe of potential enhancements in any given case, regardless of their ultimate applicability.

---

[10] Dkt. 48 at 7
[11] *Id.*
[12] *Valle*, 940 F.3d at 479.
[13] *United States v. Jordan*, 256 F.3d 922, 930 (9th Cir. 2001).
[14] *Id.*
[15] *United States v. Riley*, 335 F.3d 919, 925 (9th Cir. 2003).
[16] *See Jordan*, 256 F.3d at 934 (finding the Circuit consistently applies the clear and convincing standard of proof to enhancements greater than four levels).

Accordingly, the Parties should address the following issues in their supplemental sentencing memoranda:

1. Whether Saofaga committed an assault and that assault was committed against a person he knew or had reasonable cause to believe was a law enforcement officer based on clear and convincing evidence; or, in the alternative,

2. Whether Saofaga committed an assault based on a preponderance of the evidence.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: November 13, 2019.