**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

*United States v. Michael Saofaga*
Case No. 3:18-cr-00129-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on the imposition of sentence for Defendant Michael Saofaga. Saofaga pleaded guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1).[1] On the night of September 18, 2018, officers with the Anchorage Police Department ("APD") were conducting surveillance on the Springhill Suites in Anchorage, Alaska to execute an arrest warrant on Saofaga and his associate Brandi Hardon.[2] Saofaga was contacted by officers outside of the hotel and then fled on foot. Saofaga ran across the hotel parking lot and was pursued by a police K9 and Officer Christopher Nelson, a K9 handler with APD.[3] During the chase, Saofaga was observed to have an object in his hand.[4] As the pursuit continued, Officer Nelson identified the object as a handgun.[5] Saofaga was eventually apprehended by APD officers.[6]

U.S. Probation, in its Final Presentence Report ("PSR"), and the United States, in its Sentencing Memorandum, allege that in the course of his flight, Saofaga attempted to discharge the prohibited firearm in the direction of the pursuing officers.[7] Based on this alleged conduct, the PSR asserts that Saofaga is subject to a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), which applies where a defendant "used or possessed any firearm or ammunition in connection with another felony offense"—in this case an assault.[8] Additionally, because Saofaga allegedly assaulted persons he knew or had reasonable cause to believe were law enforcement officers during the course of the offense, the PSR adds an additional six-level increase to Saofaga's offense level pursuant to U.S.S.G. § 3A1.2(c)(1).[9] Taking these two enhancements into account, as well as other adjustments, Saofaga's total offense level is listed as 23.[10] Correlating with a criminal history category of IV, Saofaga's resulting sentencing range is 70 to 87 months.[11] However, Saofaga

---

[1] Dkt. 32 (Minute Entry for Change of Plea Hearing).
[2] Dkt. 43 at 8 (PSR).
[3] *Id.*; Dkt. 86 at 25 (Transcript for Arraignment/Entry of Plea).
[4] Dkt. 43 at 8.
[5] *Id.*
[6] *Id.*
[7] Dkts. 43 at 10; 48 at 3–4 (United States' Sentencing Memorandum).
[8] Dkt. 43 at 10.
[9] *Id.*
[10] *Id.*
[11] *Id.* at 22.

1

argues that the United States has failed to prove that during the course of his flight, he committed assault, let alone assault on a person he knew to be law enforcement.[12]

On November 5, 2019, the Court held an evidentiary hearing to establish the underlying facts applicable to the two enhancements.[13] Several witnesses were called, including Officer Nelson.[14] The Parties submitted their closing arguments as written filings.[15] While the United States relies heavily on the testimony of Officer Nelson, Saofaga primarily relies on images taken from security cameras, which captured part of the incident.[16]

As a threshold matter, the Court must first determine the standard of proof for the enhancements at issue in this case. "The burden of proof for a factual finding underlying a sentencing enhancement depends on the magnitude of the finding's effect on the sentencing range."[17] Generally, an enhancement need only be supported by a preponderance of the evidence.[18] However, in cases where there is "an extremely disproportionate impact on the sentence," the United States must establish the applicable enhancement by clear and convincing evidence.[19] Enhancements are not always considered in isolation; the Ninth Circuit has counseled that where "the combined impact of contested sentencing enhancements is disproportionate relative to the offense of conviction, the district court must apply the clear and convincing evidence standard of proof."[20]

In *Jordan*, the Ninth Circuit identified six non-dispositive factors courts examine to determine whether an enhancement is disproportionate: (1) whether the enhanced sentence falls within the maximum sentence for the crime alleged; (2) whether the enhanced sentence negates the presumption of innocence for the crime alleged in the indictment; (3) whether the facts offered in support of the enhancement create new offenses requiring separate punishment; (4) whether the increase in sentence is based on the extent of a conspiracy; (5) whether the increase in the number of offense levels is four or less; and (6) whether the length of the enhanced sentence more than doubles the length of the sentence authorized by the initial sentencing guideline range where the defendant would otherwise have received a relatively short sentence.[21]

This case involves two related enhancements: U.S.S.G. § 2K2.1(b)(6)(B) and U.S.S.G. § 3A1.2(c)(1). Applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) based on an assault would increase Saofaga's offense level to 17. The first, second, fourth, fifth, and sixth *Jordan* factors do not apply in this matter. Because this enhancement is supported by facts of an assault—a "new" and separate offense—the third factor weighs in favor of finding a

---

[12] Dkt. 92 at 1 (Defendant's Supplemental Briefing).
[13] Dkt. 78 (Minute Entry for Evidentiary Hearing).
[14] Dkt. 79 (Witness List).
[15] Dkts. 87 (United States' Supplemental Brief); 92.
[16] Dkts. 87 at 3–5; 92 at 1–8.
[17] *United States v. Valle*, 940 F.3d 473, 479 (9th Cir. 2019).
[18] *United States v. Jordan*, 256 F.3d 922, 929 (9th Cir. 2001).
[19] *Id.* at 930.
[20] *United States v. Riley*, 335 F.3d 919, 925 (9th Cir. 2003) (citing *Jordan*, 256 F.3d at 927–29).
[21] *Jordan*, 256 F.3d at 928 (quoting *United States v. Valensia*, 222 F.3d 1173, 1182 (9th Cir. 2000).

disproportionate impact. However, given Saofaga's criminal history and resulting offense level, a four-level enhancement "[does] not present an 'exceptional case that requires clear and convincing evidence.'"[22] Thus, *Jordan* counsels that U.S.S.G. § 2K2.1(b)(6)(B) applied alone need only be supported by a preponderance of the evidence if applied alone.

However, applying both U.S.S.G. § 2K2.1(b)(6)(B) and U.S.S.G. § 3A1.2(c)(1) to Saofaga's guideline calculation would result in a ten-level increase. Under these circumstances, the first, second, and fourth *Jordan* factors do not apply. Nevertheless, because assault on a law enforcement officer is a "new" offense, resulting in an increase of more than six-levels and more than doubles Saofaga's sentencing guideline range, the applicable *Jordan* factors heavily weigh in favor of finding a disproportionate sentencing impact. Therefore, U.S.S.G. § 2K2.1(b)(6)(B) and U.S.S.G. § 3A1.2(c)(1), if applied together, must be supported by clear and convincing evidence.

Here, having carefully reviewed the evidence on the record, the Court finds that the United States has not proven by clear and convincing evidence that both U.S.S.G. § 2K2.1(b)(6)(B) and U.S.S.G. § 3A1.2(c)(1) apply. Likewise, the United States has not proven by a preponderance of the evidence that § 2K2.1(b)(6)(B) alone applies.

Accordingly, the Court **HEREBY ORDERS** that the PSR be amended as follows:

1. Omitting the enhancements under U.S.S.G. § 2K2.1(b)(6)(B) and U.S.S.G. § 3A1.2(c)(1) and, thus, reducing Saofaga's total offense level to 13.

2. Omitting facts from the PSR that allege that Saofaga assaulted law enforcement officers. Specifically, paragraph 1, paragraph 3, paragraph 5, paragraph 9, paragraph 20, paragraph 21, and paragraph 88 must omit any allegation that Saofaga pointed a gun at law enforcement officers or attempted to fire it in their direction.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: December 16, 2019.

---

[22] *Jordan*, 256 F.3d at 927 (quoting *United States v. Hopper*, 177 F.3d 824, 833 (9th Cir. 1999)).